THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOSEPH FLANG, Appellant.

County Court, Chenango County, December 4, 1946.

*Lee, Gallagher & Lee* for appellant.

*Lynn N. Peterson, District Attorney,* for respondent.

COLEMAN, J. The defendant has been convicted in the City Court of the City of Norwich of the crime of disorderly conduct in violation of section 722 of the Penal Law of the State of New York. This appeal is taken on the sole ground of the insufficiency of the information upon which the warrant of arrest was issued.

The information was sworn to by the District Attorney of Chenango County who alleged certain facts and incorporated others therein by way of statements made upon information and belief. In support of the statements made upon information and belief there were incorporated as a part of the information, the sworn depositions of his informants. The defendant contends that the information was insufficient in that it did not comply with the requirements of section 148 of the Code of Criminal Procedure because the Magistrate failed to examine under oath the District Attorney's informants. Upon the arraignment motion was made to set aside the information, dismiss the warrant and discharge the defendant upon the ground that the information was solely on information and belief and, therefore, insufficient. Motion was denied by the Magistrate.

It is the opinion of this court that the information was sufficient for the issuance of a warrant. The facts therein contained met the requirements of section 150 of the Code of Criminal Procedure in that it set forth that a crime had been committed and showed there were reasonable grounds to believe that the defendant had committed the crime. It is fundamental that an information may be made solely on information and belief if the source of the complainant's information and the grounds for his belief are properly incorporated therein. (Code Crim. Pro., § 149.) A warrant cannot issue based upon an information executed on suspicion or surmise or upon information and belief alone. (*Blodgett* v. *Race,* 18 Hun 132.) When the District Attorney made the sworn depositions a part of the information, the Magistrate could consider the information in its entirety without causing an examination to be made of the individuals who executed the supporting affidavits.

Section 148 of the Code of Criminal Procedure requires that the Magistrate examine such witnesses as the complainant *may* produce for examination. It is unnecessary that witnesses be produced and examined if the information in and of itself is sufficient to justify the issuance of a warrant.

Judgment of conviction is affirmed.